IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GILBERT SANCHEZ, | § | |
|    *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 4:21-cv-02247 |
| v. | § | |
| | § | |
| ENTERPRISE OFFSHORE DRILLING, LLC, | § | |
|    *Defendant*. | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Gilbert Sanchez, files this Complaint against Defendant Enterprise Offshore Drilling, LLC as follows:

Enterprise Offshore Drilling, LLC owns the Enterprise 263, a jack up barge. Plaintiff was sent to Enterprise 263 by his employer SmartFab. While on this barge, Plaintiff was located in West Cameron Block 38 of the OCS. It was later moved to South Timbalier Block 125. In the process of performing his welding work, Plaintiff fell and injured himself on August 8, 2018. Plaintiff tripped on a pipe that was welded to, and raised above, the deck. Defendants failed to maintain a safe workplace, and failed to ensure the Vessel was clear of tripping hazards. There was a lack of precautionary measures in place. Defendants failed to ensure the pipe on this particular vessel was installed in a proper and safe position, and also failed to ensure the pipe was adequately marked.

## THE PARTIES

1. Plaintiff is a resident of Texas.

2. Defendant Enterprise Offshore Drilling, LLC is a foreign LLC that is based in Houston, Texas. It may be served through its registered agent: Capitol Corp. Services, 206 E. 9th Street, Ste. 1300, Austin, Texas 78701.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 14 U.S.C.A. 1332, 43 U.S.C.A. 1301, 43 U.S.C.A. 1332, and 43 U.S.C.A. 1331.

4. This Court has personal jurisdiction over the Defendant because it conducts systematic and continuous business activities in and throughout the state of Texas and this District.

5. Venue is properly laid in this Division and District as at least one of the Defendant resides in this District.

## CLAIMS FOR RELIEF

### NEGLIGENCE

6. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as though fully set forth herein.

7. Defendant owed Plaintiff the duty of reasonable care, and a duty to provide a reasonably safe place to work. This includes a vessel that was clear of tripping hazards. There was a lack of precautionary measures in place. Defendant failed to ensure the pipe on this particular vessel was installed in a proper and safe position, and also failed to ensure the pipe was adequately marked. Defendant's breaches of its duties were the producing cause, or the proximate cause, of Plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment in his favor against the Defendant as follows:

   a. Compensatory damages to include those for past and future economic loss; past and future mental anguish; past and future pain and suffering; past and future bodily impairment and disfigurement; and past and future medical expenses in an amount to

be determined by the trier of fact as provided by law and supported by the evidence at trial;

b. An award of attorneys' fees and costs of suit, as provided by law; and

c. Any other such other legal and equitable relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

### THE BUZBEE LAW FIRM

*/s/: Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
Federal Bar No. 22679
JPMorgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909
tbuzbee@txattorneys.com

**ATTORNEYS FOR PLAINTIFF**